**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7554**

SCOTTIE ROBINSON,

Petitioner - Appellant,

v.

WARDEN LIEBER CORRECTIONAL INSTITUTION,

Respondent – Appellee,

and

WILLIAM BYARS, Director South Carolina Department of Corrections,

Respondent.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Richard M. Gergel, District Judge. (1:11-cv-01804-RMG)

Submitted: January 8, 2013          Decided: January 15, 2013

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Scottie Robinson, Appellant Pro Se. Donald John Zelenka, Senior Assistant Attorney General, William Edgar Salter, III, Assistant Attorney General, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scottie Robinson seeks to appeal the district court's order adopting the magistrate judge's recommendation and dismissing his 28 U.S.C. § 2254 (2006) motion. We dismiss his appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases like Robinson's, parties are accorded thirty days after "entry" of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). The order that Robinson seeks to appeal was entered on August 3, 2012. Robinson thus had until Tuesday, September 4, 2012, in which to note an appeal. See Fed. R. App. P. 4(a)(1)(A) & 26(a)(1)(C).[1] Nevertheless, Robinson filed his notice of appeal, at earliest, on September 6, 2012 — two days too late.[2]

Although Robinson's notice of appeal appears to reflect his assumption that the pertinent thirty-day period began to run from the moment he received notice of the order's entry, he is mistaken. As is plain from the language of Rule 4,

---

[1] The thirtieth day after entry of judgment was a Sunday and the thirty-first day a legal holiday, Labor Day.

[2] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

the thirty-day appeal period runs from the date of the "entry" of the district court's judgment, not from the date on which a party receives notice of the entry. See Fed. R. App. P. 4(a)(1)(A); Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 688 (4th Cir. 1978). "Entry of judgment consists of two steps: creation of a document setting out the judgment and a notation of the document on the docket sheet." Wilson v. Murray, 806 F.2d 1232, 1234 (4th Cir. 1986); see also Fed. R. App. P. 4(a)(7)(A). Because the order that Robinson seeks to appeal was unquestionably entered on the district court's docket more than thirty days prior to the date he placed his notice of appeal in the prison mailing system, his notice of appeal was not filed within the thirty-day period established by Rule 4(a)(1)(A). See Baker v. United States, 670 F.3d 448, 457-60 (3d Cir. 2012) (explaining that the language of Rule 4(a) and the statute upon which it is based — 28 U.S.C.A. § 2107 (West 2006 & Supp. 2012) — do not permit the courts to construct in this context a rule that operates analogously to the Houston v. Lack rule).

Although the appeal period may be extended under Fed. R. App. P. 4(a)(5) or reopened under Fed. R. App. P. 4(a)(6), Robinson has failed to file any motion seeking to alter the applicable time period under these provisions.

4

Because "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," we lack jurisdiction to consider Robinson's claims. Bowles v. Russell, 551 U.S. 205, 214 (2007). Accordingly, we deny Robinson's application to proceed in forma pauperis and dismiss his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED